[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT
_____

No. 11-14893
Non-Argument Calendar
_____

D. C. Docket No. 9:11-cr-80111-DTKH-2

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

ANDREW SMITH,
a.k.a. Lennox Cross,
a.k.a Lennoy Cross,
a.k.a. Paul Jones,
a.k.a. Garfield Thomas,
a.k.a. Biggs,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Southern District of Florida

_____

(November 1, 2012)

Before TJOFLAT, KRAVITCH and EDMONDSON, Circuit Judges.

PER CURIAM:

Andrew Smith appeals his 30-month sentence for illegal reentry into the United States following a previous deportation, in violation of 8 U.S.C. § 1326(a), (b)(2).  On appeal, Smith contends that the district court erred by imposing an enhanced sentence based on a felony conviction that was not set forth in the indictment and not found by a jury beyond a reasonable doubt.  He recognizes that Almendarez–Torres v. United States, 523 U.S. 224, 118 S.Ct. 1219, 140 L.Ed.2d 350 (1998), decided that a prior conviction is not an element of the offense under section 1326(b); but he argues that Apprendi v. New Jersey, 530 U.S. 466, 120 S.Ct. 2348, 147 L.Ed.2d 435 (2000), and Blakely v. Washington, 542 U.S. 296, 124 S.Ct. 2531, 159 L.Ed.2d 403 (2004) have called the validity of Almendarez–Torres into question.  We affirm Smith's sentence.

We review constitutional sentencing issues de novo.  United States v. Steed, 548 F.3d 961, 978 (11th Cir. 2008).  In Almendarez–Torres, the Supreme Court explained that a prior conviction used to enhance a sentence under section 1326(b)(2) is no element of the offense, and therefore, it need not be alleged in the indictment or found by a jury beyond a reasonable doubt.  Almendarez–Torres,

2

523 U.S. at 226-27, 118 S.Ct. at 1222.  Although <u>Apprendi</u> and later decisions might have cast doubt on the reasoning of <u>Almendarez–Torres</u>, we have repeatedly explained that <u>Almendarez–Torres</u> remains binding precedent unless and until that case is expressly overruled by the Supreme Court.  <u>Steed</u>, 548 F.3d at 979-80; <u>United States v. Greer</u>, 440 F.3d 1267, 1273-76 (11th Cir. 2006); <u>United States v. Gibson</u>, 434 F.3d 1234, 1246-47 (11th Cir. 2006).

Smith's argument that the district court erred by enhancing his sentence based on an earlier conviction not charged in the indictment or proven to a jury beyond a reasonable doubt is foreclosed by <u>Almendarez–Torres</u>.  <u>See</u> <u>Almendarez–Torres</u>, 523 U.S. at 226-27, 118 S.Ct. at 1222.  Accordingly, we affirm Smith's sentence.

AFFIRMED.